## Pounds *vs*. Hanson.

1. On October 14th, 1879, counsel for both parties to a motion for new trial in Pike superior court, signed the following agreement: " We agree that the within is a correct brief of the oral evidence submitted to the court and jury on the trial of the above stated case, and consent that we use the original interrogatories on the hearing of the motion for new trial; also consent that the original indictment and warrant for assault with intent to murder against John H. Pounds, used in evidence on the trial, be used without attaching copies of the same hereto." On October 16th the judge signed a certificate in these words: " Within brief of evidence approved," and the evidence so approved was filed the same day. The motion was overruled December 8th, at Griffin. In the record, and interspersed with the oral evidence, are what appear to be copies of interrogatories, and of the indictment and warrant:

*Held*, that such interrogatories and indictment and warrant were not authenticated as part of the evidence, and the writ of error will be dismissed.

2. The 10th rule of the supreme court requires a brief of the oral and a copy of the written testimony to be approved and sent up. It does not contemplate the use of original papers.

Practice in the Supreme Court. February Term, 1880.

The facts are sufficiently reported in the head-notes and decision.

J. F. REDDING; E. W. HAMMOND; W. S. WHITAKER; J. S. BOYNTON, for plaintiff in error.

STEWART & HALL, for defendant.

WARNER, Chief Justice.

When this case was called on the docket for a hearing here, a motion was made to dismiss it on the ground that all of the evidence contained in the record had not been approved by the presiding judge, and filed according to the requirement of the law in motions for new trial.

1. It appears from the record that on the 14th day of

October, 1879, the counsel for both parties signed the following agreement: "We agree that the within is a correct brief of the oral evidence submitted to the court and jury on the trial of the above stated case, and consent that we use the original interrogatories on the hearing of the motion for new trial; also consent that the original indictment and warrant for assault with intent to murder against John H. Pounds, used in evidence on the trial, be used without attaching copies of the same hereto." The brief of the oral evidence thus agreed to, was approved by the judge on the 16th day of October, 1879, and filed in the clerk's office of Pike superior court, where the case was tried on the same day. The motion was heard and overruled at chambers, in Griffin, on the 8th of December, 1879. The objection raised here, was that the evidence contained in the original interrogatories as well as the original indictment and warrant, read in evidence on the trial of the case, had not been approved by the judge, although what purported to be copies thereof were in the record sent up by the clerk. Whether any part of the original interrogatories were ruled out or not at the trial, we do not know, nor do we know whether the indictment and warrant contained in the record are the same as those read in evidence at the trial with the same entries thereon, and cannot know, without the approval of the judge to verify the evidence in the record that was read and admitted on the trial of the case.

2. The 10th rule of this court requires that a brief of the oral and a *copy* of the written testimony shall be presented to the judge for his approval, so as to make it a part of the record as provided by the 4253 section of the Code. The rule does not contemplate that the original papers which properly belong to the clerk's office, shall be taken from the files thereof, and carried about the country to be used on the hearing of motions for new trials, thereby exposing the same to destruction and loss, but on the contrary the rule requires that *copies* thereof shall be made out and presented to the judge for his approval, leaving the originals

in the clerk's office, where the law requires them to be kept. The effort here is to inject evidence which has not been approved by the presiding judge, into the belly of a brief of evidence that has been approved by him. Inasmuch, therefore, as it does not affirmatively appear that the presiding judge approved the evidence contained in the original interrogatories and the other written evidence contained in the record, the writ of error must be dismissed—and it is so ordered.